[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PUNITIVE DAMAGES
 FACTS
The plaintiff, Willow Springs Condominium Association, Inc., seeks an award of punitive damages, separate and distinct from attorney's fees, under CUTPA. This case was tried to a jury in January of 1996. On February 1, 1996, the jury returned a verdict in favor of the plaintiff against the BRT defendants, Seventh BRT Development Corporation, Little Rock Property Corporation and Danbury Crossroads Corporation. The jury specifically found that the BRT defendants fraudulently concealed information from the Association, and made misrepresentations of a knowing and purposeful manner to the Association and the unit owners. On February 2, 1996, the plaintiff filed a post judgment motion seeking an award of punitive damages.
DISCUSSION
"General Statutes 42-110g . . . permits a recovery of actual damages, attorneys' fees and punitive damages for violations of CT Page 5495-Y Connecticut Unfair Trade Practices Act." Freeman v. AlamoManagement Company, 221 Conn. 674, 680 n. 6, 607 A.2d 370 (1992). "The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper." General Statutes 42-110g(a). General Statutes 42-110g(d) further provides that in actions under CUTPA, "the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery."[1]
"Connecticut courts have . . . consistently limited punitive or exemplary damage awards . . . to costs in excess of taxable costs, except for certain statutory exceptions to this rule.Freeman v. Alamo Management Co., 221 Conn. 674, 680 n. 6,607 A.2d 370 (1992) (citing Conn. Gen. Stat. § 42-110g in footnote) (other citations omitted). In actions under CUTPA, the federal judges in this district have awarded both punitive damages and attorneys' fees to prevailing plaintiffs." S S Tobacco CandyCompany, Inc. v. The Stop Shop Companies, Inc., 815 F. Sup. 65,66 (D.Conn. 1992). In keeping with the statutory language of General Statutes 42-110g(a) and (d) allowing for punitive damages separate and distinct from attorney's fees, and the decisions of the district court pursuant to the statutes, the court finds that punitive damages may be awarded in addition to attorney's fees.
"In order to award punitive or exemplary damages, evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights. Collens v. NewCanaan Water Co., 155 Conn. 477, 489, 234 A.2d 825 (1967). In fact, the flavor of the basic requirement to justify an award of punitive damages is described in terms of wanton and malicious injury, evil motive and violence. Triangle Sheet Metal Works, Inc. v. Silver,154 Conn. 116, 128, 222 A.2d 220 (1966). Venturi v. Savitt, Inc.,191 Conn. 588, 592, 468 A.2d 933 (1983)." Gargano v. Heyman,203 Conn. 616, 622, 525 A.2d 1343 (1987).
The court had an opportunity to assess the witnesses, and compare the findings of the jury with its own recollection of that evidence. Not only did the jury find that the defendants had fraudulently concealed the defects to the sewer treatment plant, it found a CUTPA violation. The court joins in the opinion of the jury that the defendants engaged in an intentional violation of the rights of the condominium owners, and that they acted with an intentional and wanton disregard or indifference to the rights of the condominium owners to have a working sewerage treatment CT Page 5495-Z plant for its normal life use.
The court further finds that the motives of the defendants were "evil." They knew of the condition, hid that condition, all for profit motive which caused this found substantial injury to the plaintiffs. Not all profit motive is evil. However, when that motive with consequential injury is also a violation of unfair trade practices, it can satisfy the legal requirement for punitive damages. The defendants were found to have fraudulently concealed those defects, all for the economic gain of the various corporations.
The circumstances of the present case satisfy the basic requirements, as set forth above, which justify the award of punitive damages. Accordingly, the court awards $100,000 in punitive damages.
DRANGINIS, J.